FILED

AUG 2 3 2007
8-23-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HARVEY N. LEVIN,

      Plaintiff,

    v.

LISA MADIGAN, ILLINOIS
ATTORNEY GENERAL,
OFFICE OF THE ILLINOIS
ATTORNEY GENERAL, and
THE STATE OF ILLINOIS,

      Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**07CV4765**
**JUDGE COAR**
**MAG. JUDGE SCHENKIER**

Plaintiff Demands Jury Trial

## COMPLAINT

Plaintiff, HARVEY N. LEVIN, by and through his attorney, EDWARD R. THEOBALD, for his complaint against Defendants, states as follows:

### COUNT I

### AGE DISCRIMINATION – ADEA

1.    This action is brought pursuant to the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. Sec. 621 *et seq.* as amended. This Court has jurisdiction of this complaint under 29 U.S.C. Sec. 626(c), Title VII, Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5 *et seq.* as amended, 28 U.S.C. Sections 1331 and 1343 and 745 ILCS 5/1.5. Venue for the acts alleged below is proper in this District.

1

2.     Plaintiff, HARVEY N. LEVIN, is 62 years old and resides in Chicago, Cook County, Illinois.

3.     Defendants, Lisa Madigan, Illinois Attorney General, the Office of the Illinois Attorney General, and the State of Illinois, hereinafter referred to as "defendants" are located at the Thompson Center, 100 West Randolph, 12th Floor, Chicago, Cook County, IL 60601.

4.     Defendants employ in excess of 500 employees and are employers defined by Title VII, 42 U.S.C. Sec. 2000 (e) *et seq.,* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Sec. 621 *et seq.*

5.     Since on or about September 5, 2000, plaintiff was employed by Defendants as an Assistant Attorney General in the Consumer Fraud Bureau.

6.     In 2002 he was promoted to the position of Senior Assistant Attorney General.

7.     Throughout his employment, plaintiff's job performance was more than satisfactory and he consistently met his employer's legitimate job expectations.

8.     Defendants' last performance rating of plaintiff prior to May 12, 2006 rated plaintiff as "Exceeds Expectations" – the highest rating on six out of twelve categories and "Meets Expectations" on the remaining performance criteria.

9.     On or about May 12, 2006, defendants intentionally discriminated against plaintiff due to his age and sex and unlawfully terminated plaintiff's employment.

10.     Defendants did not terminate the employment of similarly situated employees whose work performance was inferior to plaintiff's work performance.

11.     Defendants replaced plaintiff with an individual who was less qualified than him, who is younger than plaintiff, or who is female.

12.     On or about May 12, 2006, defendants intentionally terminated two other male Assistant Illinois Attorneys General, over the age of 50, in the Consumer Fraud Bureau.

13.     The other two male Assistant Illinois Attorneys General, over the age of 50, who were also terminated on May 12, 2006, had work performances that were satisfactory or better and were also replaced with individuals who were less qualified, younger than them, or were female.

14.     Plaintiff's age or sex was a motivating factor in defendants' decision to terminate his employment on or about May 12, 2006, all in violation of Title VII, 42 U.S.C. Sec. 2000 (e) *et seq.* and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Sec. 621 *et seq.*

15.     Defendants maliciously and intentionally engaged in the above conduct with the intent to inflict severe emotional distress upon plaintiff or defendants knew that there was a high probability that such conduct would cause plaintiff severe emotional distress.

3

16.     As a result of defendants' intentional discriminatory conduct above, plaintiff lost his job, suffered lost wages, lost income, lost employment benefits of the State of Illinois, lost insurance benefits and his ability to pursue his career as a Senior Assistant Attorney General free from discrimination based upon his sex and, or age.

17.     As a further result of defendants' intentional discriminatory conduct and harassment above, plaintiff has suffered and continues to suffer great emotional stress and strain, humiliation, loss of dignity, embarrassment, and loss of reputation.

18.     All acts complained of occurred in the Northern District of Illinois, Eastern Division.

19.     Plaintiff demands trial by jury.

20.     On November 3, 2006, plaintiff filed a verified charge of age and sex discrimination against defendants with the Equal Employment Opportunity Commission (EEOC) in Chicago, Illinois.

21.     Plaintiff's verified charge of age and sex discrimination was filed at the Illinois Department of Human Rights (IDHR) within 180 days of November 3, 2006 and the IDHR deferred processing of plaintiff's charge to the EEOC pursuant to the work sharing agreement between the EEOC and the IDHR.

22.     On July 27, 2007, the EEOC issued a right to sue notice to plaintiff on the above charge of sex and age discrimination filed at the EEOC on November 3, 2006. On July 27, 2007, plaintiff received the EEOC's right to sue notice.

4

23.     Plaintiff filed this action within 90 days of receiving the above notice of right to sue complying with all prerequisites for maintaining this action as required by Title VII, 42 U.S.C. Sections 2000e-2 *et seq.*, and the ADEA, 29 U.S.C. Sec. 621 *et seq.*

24.     Plaintiff has exhausted all administrative remedies and complied with the statutory prerequisites for maintaining an action under Title VII, 42 U.S.C. Sections 2000e-2 *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. Sec. 621 *et seq.*

25.     All of the Defendants' discriminatory acts above are in violation of the Age Discrimination in Employment Act,  29 U.S.C. Sec. 621 *et seq.*

WHEREFORE, Plaintiff, HARVEY N. LEVIN, prays this Honorable Court to:

A.     Enter judgment in favor of Plaintiff and against Defendants, Lisa Madigan, Illinois Attorney General, the Office of the Illinois Attorney General, and the State of Illinois, jointly and against each of them;

B.     Award plaintiff actual damages in the form of lost wages, lost income, lost compensation and lost benefits and actual damages which plaintiff has suffered;

C.     Enter an order against Defendants to cease their unlawful practices;

D.     Enter an order that plaintiff be awarded punitive damages and assess punitive damages against Defendants for willful violations of Title VII of the United States Code, 42 U.S.C Section 2000 (e) *et seq.*, or the ADEA, 29 U.S.C. Sec. 621 *et seq.*, in an amount greater than $300,0000.00.

5

E.     Enter an order requiring Defendants to reinstate or restore plaintiff in his former position of Senior Assistant Attorney General and to award plaintiff all salary and benefits that plaintiff would have received if not for the civil rights violations committed against him by defendants;

F.     Award plaintiff prejudgment interest on all lost wages, income and all other monies which are awarded to plaintiff;

G.     Enter an order that plaintiff be awarded future damages and, or front damages for lost wages, front pay and all employee benefits he would have received during the next seven years but for defendants' unlawful conduct;

H.     Enter an order awarding plaintiff attorney's fees and costs incurred;

I.     Enter an order that defendants be required to afford plaintiff equal employment opportunities as to all regular assignments and that he be made whole as to all wages, employee benefits and seniority benefits plaintiff would have received but for the above civil rights violations committed against him by defendants;

J.     Enter a declaratory judgment that defendants' actions constitute unlawful discrimination in violation of Title VII, 42 U.S.C. Sections 2000e-2 *et seq.*, and, or the Age Discrimination In Employment Act (ADEA), 29 U.S.C. Sec. 621 *et seq.*;

K.     Enter an order awarding plaintiff an amount equal to twice the sum of the monetary damages awarded to plaintiff for defendants' intentional violations of the ADEA or for defendants' reckless disregard for plaintiff's rights under the ADEA pursuant to 29 U.S.C. Sec. 621, *et seq.*, including 29 U.S.C. Sec. 626(b);

L.     Enter an order requiring defendants to remove all allegations that plaintiff had been terminated, from all defendants' records, including from plaintiff's personnel file;

M.     Enter an order for other relief which this Court deems equitable, proper and just or to make plaintiff whole in accord with Title VII and, or the ADEA;

N.     Enter an order that plaintiff be awarded actual or compensatory damages in an amount greater than $300,000.00 for great stress, pain and suffering, emotional pain and distress, humiliation, loss of dignity, emotional distress, embarrassment, loss of reputation, mental anguish, or defendants' interference with plaintiff's right to pursue his career free from defendants' civil rights violations;

O.     Enter an order awarding plaintiff further relief to make him whole.

## COUNT II

### SEX DISCRIMINATION

1.     This action is brought pursuant to Title VII, 42 U.S.C. Section 2000e-2 *et seq.*
This Court has jurisdiction of this complaint under 42 U.S.C. Section 2000e-5 *et seq.* as
amended, 28 U.S.C. Sections 1331 and 1343 and 745 ILCS 5/1.5. Venue for the acts alleged
below is proper in this District.

2-24.     Plaintiff realleges and incorporates paragraphs 2 through 22 of Count I as
if fully set forth herein as paragraphs 2 through 24 of Count II.

25.     All of the Defendants' discriminatory acts above are in violation of Title VII,
42 U.S.C. Sections 2000e-2 *et seq.*

WHEREFORE, Plaintiff, HARVEY N. LEVIN, prays this Honorable Court to:

A.     Enter judgment in favor of Plaintiff and against Defendants, Lisa
Madigan, Illinois Attorney General, the Office of the Illinois Attorney General, and the
State of Illinois, jointly and against each of them;

B.     Award plaintiff actual damages in the form of lost wages, lost income, lost
compensation and lost benefits and actual damages which plaintiff has suffered;

C.     Enter an order against Defendants to desist in their unlawful practices;

**8**

D.    Enter an order that plaintiff be awarded punitive damages and assess punitive damages against Defendants for willful violations of Title VII of the United States Code, 42 U.S.C Section 2000 (e) *et seq.*, or the ADEA, 29 U.S.C. Sec. 621 *et seq.*, in an amount greater than $300,0000.00;

E.    Enter an order requiring Defendants to reinstate or restore plaintiff in his former position of Senior Assistant Attorney General and to award plaintiff all salary and benefits that plaintiff would have received if not for the civil rights violations committed against him by defendants;

F.    Award plaintiff prejudgment interest on all lost wages, income and all other monies which are awarded to plaintiff;

G.    Enter an order that plaintiff be awarded future damages and, or front damages for lost wages, front pay and all employee benefits he would have received during the next seven years but for defendants' unlawful conduct;

H.    Enter an order awarding plaintiff attorney's fees and costs incurred herein;

I.    Enter an order that defendants be required to afford plaintiff equal employment opportunities as to all regular assignments and that he be made whole as to all wages, employee benefits and seniority benefits plaintiff would have received but for the above civil rights violations committed against him by defendants;

J.    Enter a declaratory judgment that defendants' actions constitute unlawful discrimination in violation of Title VII, 42 U.S.C. Sections 2000e-2 *et seq.*, and, or the Age Discrimination In Employment Act (ADEA), 29 U.S.C. Sec. 621 *et seq.*;

**9**

K.     Enter an order requiring defendants to remove all allegations that plaintiff had been terminated, from all defendants' records;

L.     Enter an order for other relief which this Court deems equitable, proper and just or to make plaintiff whole in accord with Title VII and, or the ADEA;

M.     Enter an order that plaintiff be awarded actual or compensatory damages in an amount greater than $300,000.00 for great stress, pain and suffering, emotional pain and distress, humiliation, loss of dignity, emotional distress, embarrassment, loss of reputation, mental anguish, or defendants' interference with plaintiff's right to pursue his career free from defendants' civil rights violations;

N.     Enter an order awarding plaintiff such other and further relief to make him whole.

DATED: August 21, 2007        HARVEY N. LEVIN
Plaintiff

By: EDWARD R. THEOBALD
Plaintiff's Attorney

EDWARD R. THEOBALD
Three First National Plaza
70 West Madison Street
Suite 2030
Chicago, IL 60602
(312) 346-9246